**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-442 (1) |
| | § | C.A. No. C-08-80 |
| JUAN FLORES SANCHEZ | § | |
| aka JUAN SANCHEZ FLORES, | § | |
|     Defendant-Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is a motion by Defendant Juan Flores Sanchez aka Juan Sanchez Flores ("Sanchez")[1] to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 89), filed by and through counsel.[2] After seeking an extension of time to respond, the government filed a combined response and motion to dismiss on the grounds that Sanchez's § 2255 motion is untimely. (D.E. 97, 98). Although Sanchez was given an opportunity to file a reply, he has not done so.

For the reasons set forth below, the Court GRANTS the government's motion to dismiss, and DISMISSES Sanchez's motion as time-barred. Additionally, the Court DENIES Sanchez a Certificate of Appealability.

---

[1] The original indictment identified the defendant as Juan Flores Sanchez. In later proceedings, it was determined that his true name was Juan Sanchez Flores, and United States Magistrate Judge Brian L. Owsley granted the government's motion to amend the indictment to reflect his name as Juan Flores Sanchez aka Juan Sanchez Flores. (<u>See</u> Minute Entry of June 27, 2006 proceedings; D.E. 17.)

[2] Dockets entries refer to the criminal case, C-06-cr-442.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On June 22, 2006, Sanchez was charged in a two-count indictment, along with two co-defendants. (D.E. 14.) Sanchez was charged in Count One with conspiracy to possess with intent to distribute approximately 27.6 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (D.E. 14.) Count Two charged him with possession with intent to distribute approximately 27.6 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. (Id.)

On August 15, 2006, he pleaded guilty to Count One pursuant to a written plea agreement with the government. (D.E. 43, 44.) The plea agreement included a waiver of Sanchez's appellate rights and his right to collaterally attack his conviction or sentence by means of any post-conviction proceeding, including his right to file a motion pursuant to 28 U.S.C. § 2255. (D.E. 44 at ¶ 7.)

Sanchez was sentenced by this Court on December 19, 2006. (D.E. 75.) The Court sentenced him to 120 months in the custody of the Bureau of Prisons, to be followed by five years of supervised release, and imposed a special assessment of $100. (D.E. 75, 76). Final judgment was entered on December 21, 2006. (D.E. 76.) Sanchez did not appeal.

On March 12, 2008, Sanchez's § 2255 counsel, Steven Jay Rozan, filed the instant § 2255 motion. (D.E. 89.) In two places, the motion includes the statement: "MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION TO FOLLOW UNDER SEPARATE COVER." (D.E. 89 at 3, 4, emphasis in original.) In the Court's order instructing the United States to respond to the motion, it noted that the referenced memorandum of law had not yet been received by the Clerk. (D.E. 90

at 1.) Nonetheless, no separate memorandum has ever been filed in either the criminal case or the corresponding civil case.

### III.  MOVANT'S ALLEGATIONS

Sanchez's brief motion lists three grounds for relief, each with a short statement of supporting facts.  First, Sanchez argues that his trial counsel was ineffective because he did not file any pre-trial motions and because he failed to negotiate a "reasonable" plea agreement.  He contends that counsel should have filed motions "to put the government in a position where it would negotiate" a better plea agreement, and that counsel did not try to negotiate a plea agreement with additional benefits other than the "standard recommendations by the government." (D.E. 89 at 3.)

Second, Sanchez claims that trial counsel failed to object at the rearraignment to errors which allegedly were made in the proceedings by the Court. In particular, he contends that the factual basis for the plea was insufficient under Rule 11 of the Federal Rules of Criminal Procedure, that counsel failed to bring this error to the Court's attention, and that Sanchez "involuntarily waived his right to Direct Appeal and a §2255 Motion."  (D.E. 89 at 3.)

Third, Sanchez argues that his sentencing counsel failed to raise meritorious objections that were clear and obvious from the Presentence Investigation Report.  Although he does not describe the objections in detail, Sanchez claims counsel should have objected to the drug quantity and to his role in the offense.

Sanchez's initial § 2255 motion, filed by counsel, contains no acknowledgment of the fact that it was filed beyond the applicable one-year statute of limitations, nor does it ask for statutory or equitable tolling.  Additionally, although the Court's order for the government to respond raised the issue of whether the motion was timely, and the government has moved to dismiss on the

grounds of limitations, Sanchez's counsel has not filed anything addressing the issue of limitations. Sanchez's reply was due on July 28, 2008, and he has not filed one to date.

## IV.  DISCUSSION

**A.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Sanchez on December 21, 2006.  The period for Sanchez to file a notice of appeal from the judgment against him expired ten days later, Fed. R. App. P. 4(b), excluding intermediate Saturdays, Sundays and legal holidays.  Fed. R. App. P. 26.  So calculated, ten days after December 21, 2006 was January 8, 2007.   In this case, Sanchez did not appeal.  His conviction therefore became final when the time for filing an appeal expired, or on

---

[3] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  None of these other subdivisions, occasionally referred to as "statutory tolling" are applicable in this case.   See, e.g., Egerton v. Cockrell, 334 F.3d 443 (5th Cir. 2003) (discussing application of 28 U.S.C. § 2244(d)(1), which governs the limitations period for filing petitions under 28 U.S.C. § 2254 and is nearly identical to the limitations period set forth in 28 U.S.C. § 2255 and referring a calculation of the limitations period under a subsection other than (1) as"statutory tolling.").

January 8, 2007.  He had one year from that date, or until January 8, 2008 to file his § 2255 motion.  Sanchez's § 2255 motion was filed on March 12, 2008.  Thus, his motion was filed more than two months late and is untimely.

As the government notes, Sanchez's motion was not filed *pro se*; it was filed by counsel.  Thus, his motion is not held to the "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).   Sanchez does not ask for tolling or explain why his motion is untimely, nor has he responded to the government's motion to dismiss on limitations grounds.  Additionally, the Court does not find any facts in the record that would support the application of equitable tolling.  Indeed, while the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'"  United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  In short, Sanchez's motion does not offer any basis at all for tolling, let alone establish that his is the rare or exceptional case where such equitable tolling is required.

Accordingly, the Court concludes that Sanchez's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

**B.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Sanchez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial

showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Sanchez's petition states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of Sanchez's § 2255 motion on procedural grounds. Under the plain record of this case, his motion is time-barred and he is not entitled to tolling of the limitations period. Accordingly, Sanchez is not entitled to a COA.

### V.  CONCLUSION

For the above-stated reasons, the government's motion to dismiss (D.E. 98) is GRANTED,

and Sanchez's motion under 28 U.S.C. § 2255 (D.E. 89) is DISMISSED as time-barred.  The Court also DENIES Sanchez a Certificate of Appealability.

ORDERED this 3rd day of October, 2008.

_____
Janis Graham Jack
United States District Judge